UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TAMARA M. NORWOOD-THOMAS
d/b/a WOODLAND ENTERTAINMENT GROUP, LLC

        Plaintiff,
v.                                                   Case No. 08-CV-668

CITY OF MILWAUKEE, and
ALDERMAN JOE DAVIS, SR.,

        Defendants.
_____

## ORDER

On August 5, 2008, plaintiff Tamara Norwood-Thomas filed a pro se complaint against defendants City of Milwaukee and Alderman Joe Davis, Sr., alleging she was denied a Class B Tavern License for her business as the result of racial discrimination and the impermissible consideration of her criminal background. Additionally, she alleges Alderman Davis publicly made misleading and defaming statements about her which adversely affected her ability to acquire a tavern license. Plaintiff then filed a Motion for Leave to Proceed *in forma pauperis*. (Docket #2).

The court grants plaintiff's motion for leave to proceed *in forma pauperis*. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against

a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The plaintiff submits an affidavit in which she declares under penalty of perjury that she incurs $1,200 in monthly mortgage expenses, provides for five dependents, and has a monthly income of only $2,100. Based upon this information, the court determines that the plaintiff is unable to pay the costs of commencing this action.

Liberally construing the plaintiff's allegations, the court also finds that the action is neither frivolous nor malicious, and does not seek money damages against a defendant immune from such relief. The court has its doubts as to whether plaintiff's allegations do sufficiently state a claim but, given the aforementioned liberal standard, the court considers it only prudent to allow the parties to move forward with litigation so that the court might obtain the benefit of full briefings from both sides before ruling definitively on the matter. Thus, for now, the court holds that the allegations do sufficiently state a claim. The court will, therefore, grant the plaintiff's motion for leave to proceed *in forma pauperis*.

The court notes however, that though plaintiff filed her complaint and IFP motion on August 5, 2008, it would appear she has yet to serve a summons and complain upon defendants. Rule 4(m) of the Federal Rules of Civil Procedure states the following:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

-2-

Case 2:08-cv-00668-JPS   Filed 12/18/08   Page 2 of 3   Document 4

Fed.R.Civ.P. 4(m). The period to serve the summons and complaint on defendants expired on December 3, 2008, 120 days after plaintiff filed her complaint. Accordingly, plaintiff shall have twenty (20) days from the date of this order to provide good cause for the failure to timely serve defendants with a summons and complaint. If plaintiff does not provide good cause for failing to timely service defendants, the court will dismiss the complaint without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 41.1.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that plaintiff shall have twenty (20) days from the date of this order to provide good cause for the failure to timely serve defendants with a summons and complaint; if no good cause is provided, the court will dismiss this action without prejudice.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge