# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

TAMARA M. NORWOOD-THOMAS,
d/b/a Woodland Entertainment Group LLC

        Plaintiff,

v.                                                                      Case No. 08-CV-668

CITY OF MILWAUKEE and
ALDERMAN JOE DAVIS, SR.,

        Defendants.

_____

## ORDER

On August 5, 2008, pro se plaintiff Tamara Norwood-Thomas ("plaintiff") filed a complaint against the City of Milwaukee and Alderman Joe Davis, Sr. ("Davis"). Her complaint alleges that she was denied a Class "B" Tavern License as the result of racial discrimination. The court construes this as an equal protection claim brought pursuant to 42 U.S.C. § 1983. She also alleges that Alderman Davis publicly defamed her when he stated that she had been convicted of "distribution of cocaine" when in fact she had been convicted of "possession of cocaine with intent to distribute." The court construes this as a defamation claim brought pursuant to Wisconsin state tort law. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*, which the court previously granted.

Subsequently, defendants have filed a motion to dismiss, which is now fully briefed. The court notes at the outset that in its order allowing plaintiff to proceed *in forma pauperis*, it noted its doubts regarding whether plaintiff's allegations

sufficiently stated a claim. However, given the liberal pleading standards afforded to pro se plaintiffs, the court decided it was best to reserve judgment on the matter until the parties could fully brief the issue. Now that the issue has been fully briefed, it is quite clear that in fact plaintiff's allegations fail to state a claim for violation of equal protection, and must, therefore, be dismissed. The court makes no findings regarding plaintiff's state law defamation claim, but rather dismisses that pendent claim for lack of jurisdiction given the dismissal of the single federal claim.

## BACKGROUND

Plaintiff applied for a Class "B" Tavern license for an establishment she wished to open. (Compl. at 5). The establishment would contain a restaurant, bar, game room and banquet area. (Id.). During the application process, Davis - in his official capacity as Alderman - expressed concern about the parking situation and potential security issues given increased drug activity in the area as well as the general types of neighborhood complaints that bars and taverns often create. (Id. at 6). Plaintiff alleges that Davis indicated that the type of food plaintiff was planning to serve would bring in a different type of clientele than the previous establishment in that location had attracted. (Id. at 5). Plaintiff also alleges Davis stated to her: "You know I love my Black People, but you know they don't know how to act."[1] (Id.).

Plaintiff and Davis attended two different community meetings at which her proposal was discussed – one on February 24, 2007, at the Grantosa Heights Block

---

[1] The court thinks it relevant to note that Alderman Davis, himself, is black.

Club, and one on March 29, 2007, at Christ Tabernacle Church. (Id. at 6 -7). At both meetings, Davis raised his concerns about the problems plaintiff's proposed establishment might cause. (Id.). At the March 29th meeting several residents voiced concerns about plaintiff's proposal. (Id. at 7). Among those concerns were that bar patrons would bring problems, that the establishment would lead to people "cruising" the area, and that the game room would cause gambling. (Id. at 7).

On May 3, 2007, the City of Milwaukee notified plaintiff that the Licensing Committee was going to hold a hearing, that her presence was requested, and that there was a possibility that her application would be denied. (Compl., Attach. 2). The reasons stated for the possible denial were: "Neighborhood objections to loitering, littering, loud music and noise, parking and traffic problems, cruising, drug and criminal activity, increased capacity will cause increased neighborhood problems, and conduct which is detrimental to the health, safety, and welfare of the neighborhood." (Id.). Plaintiff attended the meeting. At the meeting, Davis voiced his opposition to granting plaintiff a Class "B" Tavern license. He also raised the issue of her previous criminal conviction on drug charges. (Compl. at 8-9). Ultimately, the Licenses Committee, on the motion of Alderman Bohl, voted unanimously for denial of the license because of neighborhood objections. (Compl., Attach. 3).

-3-

**ANALYSIS**

**1.      Motion to Dismiss Standard**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of a plaintiff's complaint by asserting that the plaintiff failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint need only provide a short and plain statement of the claim, showing that the pleader is entitled to relief and sufficient to provide the defendant with fair notice of the claim and its basis. *Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing Services, Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).  A pleader must show through her allegations that she is plausibly entitled to relief, instead of merely speculatively entitled to relief. *Id.*  The court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Normally, the court cannot consider documents outside the pleadings before the district court unless the court converts the defendant's Rule 12(b)(6) motion to one for summary judgment and allows the plaintiff to submit additional evidentiary material of her own. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  However, in the instant case, plaintiff filed a DVD containing video of the licensing hearing as an exhibit in support of her complaint. In doing so she incorporated the exhibit into her pleadings.  Thus, the court may rely

-4-

on the information presented therein and, as cited by the defense, in ruling on the motion to dismiss without converting said motion to one for summary judgment.

**2.    42 U.S.C. § 1983 Equal Protection Claim**

While the Fourteenth Amendment to the Constitution prohibits states from depriving citizens of the equal protection of the laws, it does not provide a mechanism by which private individuals can bring suit to enforce that prohibition. Title 42 U.S.C. § 1983 does provide such a mechanism. In order to state a claim under § 1983, plaintiff must allege that defendants deprived her of a right secured by the Constitution or other laws of the United States while acting "under color of State law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Given that Davis was acting in his official role at all times applicable to this action, it would appear obvious that he was acting under color of state law. As to the first prong, the right plaintiff is alleging she was deprived of is the right to equal protection, as guaranteed by the Fourteenth Amendment.

The Equal Protection Clause "is essentially a direction that all persons similarly situated be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, an equal protection claim requires that the defendants treated plaintiff differently from others who were similarly situated, and that they treated her differently because of her membership in the class to which she belongs. *Hedrich v. Board of Regents of Univ. of Wisconsin System*, 274 F.3d 1174, 1183 (7th Cir. 2001). "To state an equal protection claim, [plaintiff] must plead sufficient

facts to satisfy each requirement." *Veney v. Wyche*, 293 F.3d 726, 731 (4th Cir. 2002).

In the instant case, plaintiff is not alleging that she was discriminated against based on her race, but rather, that she was discriminated against based on the race of her prospective clientele. It is well settled that a person in plaintiff's position has standing to sue for alleged discrimination against minority clientele. *See Scott v. Greenville County*, 716 F.2d 1409, 1415-16 (4th Cir. 1983) (holding that developer had standing to sue city officials that allegedly denied permits based on race of prospective tenants); *see generally Flores v. Pierce*, 617 F.2d 1386 (9th Cir. 1980) (upholding jury verdict against city officials found to have discriminated against restauranteurs based on their prospective clients' race).

It is not enough, however, for plaintiff to allege that she was discriminated against on the basis of her prospective customers' race. She must also allege that other similarly situated liquor license applicants, whose establishments were not perceived as drawing predominantly black crowds, were treated differently. *See Wronblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir. 1992) (upholding 12(b)(6) dismissal of equal protection claim where plaintiff failed to identify any similarly situated individuals or groups); *Yale Auto Parts v. Johnson*, 758 F.2d 54, 61 (2d Cir. 1988) (a complaint is "wholly insufficient to state an equal protection claim, absent the essential allegation that others were treated differently."). However, plaintiff makes no such allegations in her complaint. Indeed, she does not point to

any other liquor license applicants who were treated differently. Especially given the legitimate neighborhood objections that were raised at her licensing hearing, it would obviously be impossible to find an equal protection violation absent a showing that another applicant was granted the same type of license for a similar type of establishment, in a similar type of area. As no such allegation or supporting facts are presented, the claim cannot stand.

## CONCLUSION

Plaintiff alleged that Alderman Davis discriminated against her on the basis of the race of her prospective clientele, and thus deprived her of the equal protection of the law. However, she failed to allege that any similarly situated individual was treated differently than her, thus her equal protection claim must be dismissed for failure to state a claim. Though the City of Milwaukee is named as a defendant in the complaint, nowhere does she allege that there was a discriminatory municipal policy in place; thus the only basis for liability for the City of Milwaukee would be via the official acts of Alderman Davis. Accordingly, plaintiff has failed to state a claim against the City of Milwaukee. Because plaintiff's § 1983 equal protection claim was the only federal claim in the complaint, and because that claim is being dismissed, the court will not retain jurisdiction over plaintiff's remaining state law defamation claim.

Accordingly,

**IT IS ORDERED** that defendants' Motion to Dismiss (Docket #12) be and the same is hereby **GRANTED** as to plaintiff's equal protection claim; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** for lack of subject matter jurisdiction.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge